## UNITED STATES v. BELMONT et al.

District Court, S. D. New York.
Sept. 15, 1941.

944

Mathias F. Correa, of New York City (Irvin C. Rutter and Noel Hemmendinger, both of New York City, of counsel), for the United States.

Samson Selig, of New York City (Samson Selig, Abraham J. Multer, and Morris Katz, all of New York City, of counsel), for impleaded defendant.

CONGER, District Judge.

Crews, as receiver of the Petrograd Metal Works, moves to dismiss this action, in which he is an impleaded defendant, upon the ground that this Court lacks jurisdiction of the subject matter involved herein. The facts regarding this litigation are fully set forth in United States v. Belmont, 301 U.S. 324, 57 S.Ct. 758, 81 L.Ed. 1134. The Supreme Court therein sustained the sufficiency of the complaint as against the Belmont defendants. The Belmont defendants thereupon filed their answer, disclaiming any interest in the fund, and offered to deposit the fund into the Registry of this Court. On January 18, 1938, said defendants deposited the sum of $25,438.48 into Court and by order dated February 15, 1938, they were discharged of all liability. Upon February 14, 1938, Crews, as receiver, filed his answer to the complaint of the United States and to the answer of the Belmont defendants.

The receiver contends, upon this motion, that (a) the state court acquired jurisdiction in rem of the fund in question prior to the deposit of this fund in the court and consequently the state court action should proceed to the conclusion of this suit; and (b) that there are indispensable parties to this litigation who are not before the court.

Contention (a) supra of the receiver must be denied. On June 25, 1936, Crews was appointed by the State Supreme Court receiver of all the assets of Petrograd Metal Works in the State of New York. It is conceded that the receiver never actually obtained physical possession of the monies involved herein. In order to ascertain whether he ever obtained constructive possession of this fund depends upon the existence of any assets of the Petrograd Metal Works in the State of New York at the date of his appointment. The complaint in this action alleges that the United States, by virtue of a valid assignment became the legal owner of all property of the Petrograd Metal Works on November 16, 1933. The Supreme Court has sustained the validity of this assignment. 301 U.S. 324, 332, 57 S.Ct. 758, 81 L.Ed. 1134. If the plaintiff sustains these allegations by formal proof at the trial, it is obvious that the state court receiver never became possessed of this fund, either actually or constructively, upon his appointment, since there was no property at such time owned by the Petrograd Metal Works in the State of New York. Title thereto had vested, by assignment, several years previously in the plaintiff, the United States of America. Thus, in order to finally determine whether or not the state court acquired jurisdiction of this fund, it would be necessary at this time to determine the allegations set forth in plaintiff's complaint. I will deny the receiver's motion to dismiss on this ground with leave to renew such motion before the trial judge after the plaintiff has put in its proof. The case United States v. Bank of New York Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331, is not applicable here since in that case the state court liquidator was appointed approximately eight years prior to the date of the assignment under which the United States asserted its rights.

With respect to contention (b), supra, I am of the opinion that such contention must be overruled. The absence of stockholders is immaterial since the receiver, a party to this suit, represents all the

stockholders who might be entitled to participate in this fund under the New York State liquidation statute. Section 977-b, N.Y. Civil Practice Act. Certainly, if the receiver does not represent such stockholders, any judgment herein will not preclude such parties from asserting their rights in an appropriate manner. The purpose of this suit is to secure to the plaintiff, as assignee, the immediate possession of this fund. This legal right of ownership created by the assignment may be burdened with rights of third parties. Guaranty Trust Co. v. United States, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224. As the Supreme Court said in the instant case (301 U.S. 324, at page 333, 57 S.Ct. 758, at page 762, 81 L.Ed. 1134): "We do not consider the status of adverse claims, if there be any, of others not parties to this action. And nothing we have said is to be construed as foreclosing the assertion of any such claim to the fund involved, by intervention or other appropriate proceeding."

In order, however, that there shall be no doubt about the rights of third parties, I will deny the receiver's application to dismiss for lack of indispensable parties at this time, without prejudice to a renewal before the trial judge who shall be in a position to protect any such rights by appropriate language in the final judgment, in the event the plaintiff should prevail upon the trial.

Settle order on notice.